IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FADIMA KOUROUMA, | § § | |
| Plaintiff, | § § | |
| v. | § § | Case No. 3:22-cv-00323-G-BT |
| CREDENCE RESOURCE MANAGEMENT, LLC, | § § § | |
| Defendant. | § § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATE MAGISTRATE JUDGE

Before the Court in this *pro se* civil case is Defendant Credence Resource Management, LLC's (CRM) Motion for Summary Judgment (ECF No. 25). For the reasons stated, the District Judge should GRANT the Motion and DISMISS Plaintiff's claims with prejudice.

### Background

This case arises out of alleged improper debt collection services by a debt collector for a phone service provider. In October 2019, Plaintiff Fadima Kourouma entered into a contract with T-Mobile for an Apple iPhone XR 64G Red Kit and phone services for $599.99, to be paid in twenty-four installments combined with other monthly service charges. App. Mot. Summ. J. 3-10 (ECF No. 27). Kourouma sporadically made payments on the contract until January 4, 2021, and left unpaid a balance of $375.04. App. Mot. Summ. J. 4, 50, 54, 59, 76. On January 8, 2021, she attempted to cancel the service with T-Mobile, but did not

remit payment to satisfy the remaining balance. App. Mot. Summ. J. 4. After failing to recover the balance, T-Mobile placed the delinquent account with CRM, a credit collection company, to collect the debt. App. Mot. Summ. J. 86.

CRM sent Kourouma two dunning letters[1]—the first in October 2021, and the second in January 2022. App. Mot. Summ. J. 98-99. CRM pursued the unpaid balance and offered to accept a payment in a lower amount than what was owed to settle the debt. App. Mot. Summ. J. 98-99. CRM failed to recover any amount from Kourouma and reported the debt as past due to Experian and TransUnion. App. Mot. Summ. J. 86.

Kourouma, proceeding *pro se*, filed this lawsuit asserting that she was not indebted to CRM or non-party T-Mobile. Compl. 4 (ECF No. 3). She claims that CRM violated many provisions of the Fair Debt Collection Practices Act (FDCPA), including that CRM: (i) engaged in harassing, oppressing, or abusive collection activity in violation of 15 U.S.C. § 1692d, (ii) falsely represented the character, amount or legal status of an alleged debt in violation of 15 U.S.C. § 1692e(2)(A), (iii) used false representation or deceptive means via the collection activities or dunning letters to collect or attempt to collect an alleged debt in violation of 15 U.S.C. § 1692e(10), (iv) attempted to collect on an amount not expressly authorized by law or agreement in violation of 15 U.S.C. § 1692f(1), and (v) failed to disclose

---

[1] "A 'dunning letter' is a demand for payment from a delinquent debtor." *Christie v. Contract Callers, Inc.*, 2021 WL 689548, at *5 n.6 (N.D. Tex. Feb 23, 2021) (citing *Ferguson v. Credit Mgmt. Control, Inc.*, 140 F. Supp. 2d 1293, 1295 (M.D. Fla. 2001)).

in communications that CRM is a debt collector in violation of 15 U.S.C. § 1692e(11). Compl. 5.

In October 2022, CRM served discovery requests at various emails and by private courier service to the addresses Kourouma provided at her deposition. App. Mot. Summ. J. 101. Kourouma failed to respond to any of the requests for documents, admissions, or interrogatories. App. Mot. Summ. J. 101-02.

CRM filed its Motion for Summary Judgment on Kourouma's claims on December 22, 2022. Mot. Summ. J. (ECF No. 25). This District's rules require response briefing to be filed within 21 days from the date the motion is filed. N.D. Tex. Loc. Civ. R. 7.1(e). To date, Kourouma has not filed—nor requested leave of Court to file—a response to CRM's Motion. Therefore, the Court considers the Motion without the benefit of a response.

**Legal Standards**

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party seeking summary judgment bears the initial burden of showing the absence of a genuine issue for trial. *Duffy v. Leading Edge Prods., Inc.*, 44 F.3d 308, 312 (5th Cir. 1995) (citation omitted). The movant's burden can be satisfied by demonstrating that there is an absence of evidence to support the nonmoving party's case, which the nonmovant bears the burden of proving at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant meets its initial burden, the nonmovant must show that summary judgment is not proper. *Duckett*

*v. City of Cedar Park*, 950 F.2d 272, 276 (5th Cir. 1992) (citation omitted). The parties may satisfy their respective burdens "by tendering depositions, affidavits, and other competent evidence." *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992) (first citing *Int'l Shortstop, Inc. v. Rally's*, 939 F.2d 1257, 1263 (5th Cir. 1991); and then citing Fed. R. Civ. P. 56(e)).

Competent summary judgment evidence may include admissions under Rule 36(a) which provides that litigants may "serve on any other party a written request to admit . . . the truth of any matters within the scope of Rule 26(b)(1) relating to: [ ] facts, the application of law to fact, or opinions about either." Fed. R. Civ. P. 36(a)(1)(A); *see* Fed. R. Civ. P. 56(c)(1)(A). "A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection . . . ." Fed. R. Civ. P. 36(a)(3). Any matters admitted are "conclusively established." *Id*. The Fifth Circuit "has stressed that a deemed admission can only be withdrawn or amended by motion in accordance with Rule 36(b)." *In re Carney*, 258 F.3d 415, 419 (5th Cir. 2001) (citing *American Auto. Ass'n v. AAA Legal Clinic*, 930 F.2d 1117, 1120 (5th Cir. 1991)). Without any amendment or withdrawal, these Rule 36 admissions "cannot be overcome at the summary judgement stage by contradictory affidavit testimony or other evidence in the summary judgment record." *Id*. at 420.

The party opposing the summary judgment motion must identify specific evidence in the record and state the precise manner in which that evidence supports the party's claim. *Esquivel v. McCarthy*, 2016 WL 6093327, at *2 (N.D.

Tex. Oct. 18, 2016) (Lindsay, J.) (citing *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1988)). "Rule 56 does not impose a duty on the court to 'sift through the record in search of evidence' to support the nonmovant's opposition to the motion for summary judgment." *Id.* (first citing *Ragas*, 136 F.3d at 458; and then citing *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915-16 & n.7 (5th Cir. 1992)). All evidence must be viewed in the light most favorable to the party opposing the summary judgment motion. *Rosado v. Deters*, 5 F.3d 119, 123 (5th Cir. 1993) (citing *Reid v. State Farm Mut. Auto. Ins. Co.*, 784 F.2d 577, 578 (5th Cir. 1986)).

## Analysis

### I. Kourouma has abandoned her claims.

Kourouma did not respond to CRM's Motion. "When a plaintiff fails to defend a claim in response to . . . a summary judgment motion, the claim is deemed abandoned." *See Arias v. Wells Fargo Bank, N.A.*, 2019 WL 2770160, at *2-3 (N.D. Tex. July 2, 2019) (Lindsay, J.) (citing *Black v. N. Panola Sch. Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006) (determining that the plaintiff abandoned his claim by failing to respond to the defendant's supplement to its motion for summary judgment); *see also Cantu v. Freedom Mortg. Corp.*, 2021 WL 356840, at *2 (N.D. Tex. Jan. 4, 2021) (Rutherford, J.), *adopted by* 2021 WL 351409 (N.D. Tex. Feb. 2, 2021).

While such a failure does not permit the court to enter a "default" summary judgment, a court is permitted to accept the movant's facts as undisputed when no

5

response or opposition is filed. *Eversley v. Mbank Dall.*, 843 F.2d 172, 174 (5th Cir. 1988). Normally, "[a] summary judgment nonmovant who does not respond to the motion is relegated to [his] unsworn pleadings, which do not constitute summary judgment evidence." *Bookman v. Schubzda*, 945 F. Supp. 999, 1002 (N.D. Tex. 1996) (Fitzwater, J.) (citing *Solo Serve Corp. v. Westowne Assocs.*, 929 F.2d 160, 165 (5th Cir. 1991)).

Kourouma failed to respond to CRM's motion. Thus, the Court should find that she has abandoned all her claims. And even if Kourouma had not abandoned her claims, she has failed to raise a genuine dispute of material fact with respect to any claim. Accordingly, CRM is entitled to summary judgment. *See Catlett v. Duncanville Indep. Sch. Dist.*, 2010 WL 3467325, at *12 (N.D. Tex. Sept. 2, 2010) (Kinkeade, J.) (citing *Black*, 461 F.3d at 588 n.1 (finding a claim abandoned when plaintiff failed to defend it in response to motion to dismiss)); *Scales v. Slater*, 181 F.3d 703, 708 n.5 (5th Cir. 1999) (finding plaintiff abandoned claim by failing to contest defendant's arguments for dismissal of that claim). The District Court should grant CRM's Motion for Summary Judgment and dismiss all Kourouma's claims with prejudice.

## II. There is no genuine dispute as to any material fact pertinent to Kourouma's claims.

### A. CRM is entitled to summary judgment on Kourouma's FDCPA claims under 15 U.S.C. § 1692d, § 1692e(2)(A), § 1692e(10), and § 1692f(1).

CRM moves for summary judgment on four of the five of Kourouma's FDCPA claims based on her deemed admissions due to nonresponse to CRM's discovery requests. Br. Mot. Summ. J. 3-8 (ECF No. 26).

By Kourouma's failure to respond to CRM's requests for admission, Kourouma is deemed to have admitted that (i) CRM did not violate any provisions of the FDCPA in its collection of the debt, (ii) she did not sustain any mental, physical, or emotional distress due to the actions or inactions by CRM, and (iii) that she owes the debt at issue to T-Mobile. App. Mot. Summ. J. 111-12. These admissions are fatal to her claims.

Kourouma brought one claim under § 1692d which states that "[a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. CRM notes that Kourouma has admitted that CRM did not violate any portion of the FDCPA and that she only supports her claims with allegations that she was sent two dunning letters. Br. Mot. Summ. J. 3. Kourouma did not direct the Court to evidence of any of CRM's conduct that could be construed as harassing or oppressive, as two letters does not meet the level of harassing or oppressive behavior prohibited by the FDCPA. *See Wisdom v. Portfolio Recovery Assocs., LLC*, 2015 WL 1892956, at *5 (N.D. Tex. Apr. 24, 2015) (noting that five calls is not sufficient to meet the level of harassing behavior under the FDCPA). Therefore, CRM's motion on this claim should be granted.

Kourouma also brought claims under § 1692e(2)(A) which prohibits "[t]he false representation of the character, amount, or legal status of any debt," § 1692e(10) which prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer," and § 1692f(1) which prohibits "[t]he collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligations) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." Kourouma's unsworn pleadings allege she did not owe the debt at issue, but her deemed admissions stating that she owes the balance to T-Mobile and that CRM did not violate any provision of the FDCPA are uncontroverted. App. Mot. Summ. J. 111-12. She admits that she owed a balance due to a legal agreement and only received two letters accurately depicting that debt, and thus CRM made no misrepresentation of or used false means to collect Kourouma's debt. CRM has met its burden to demonstrate that there is no genuine fact dispute regarding these claims, and thus CRM is entitled to summary judgment on these claims.

> B. <u>CRM is entitled to summary judgment on Kourouma's FDCPA claim under 15 U.S.C. § 1692e(11).</u>

CRM also moves for summary judgment on Kourouma's FDCPA claim that CRM failed to disclose its identity as a debt collector. The relevant part of the FDCPA provides that the following is a false, deceptive, or misleading representation:

8

> The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

15 U.S.C. § 1692e(11).

The dunning letters sent by CRM to Kourouma clearly state: "This communication is from a debt collector. This communication is an attempt to collect a debt and any information obtained will be used for that purpose." App. Mot. Summ J. 98-99. Kourouma does not point to any other communication between her and CRM in which this disclosure was not provided. Accordingly, there is no question of fact that CRM compiled with § 1692e(11), and CRM's Motion on this ground should be granted.

## Recommendation

For the reasons stated, Defendant Credence Resource Management's Motion for Summary Judgment (ECF No. 25) should be GRANTED and all of Kourouma's claims should be DISMISSED with prejudice.

**SO RECOMMENDED.**

March 30, 2023.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Svcs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).